Filed 8/6/13  In re Andrea B. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re ANDREA B. et al., Persons Coming Under the Juvenile Court Law. | B247104 (Los Angeles County Super. Ct. No. CK69784) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. ANDRE B., Defendant and Appellant. | |

THE COURT:*

Andre B. (appellant) appeals from an order entered on December 4, 2012, terminating his parental rights to the children, Andrea B. (Andrea) and Ariel M. (Ariel) (Welf. & Inst. Code, § 366.26, subd. (c)(1).)

---

\*       BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

This is the second appeal involving this family, and our brief summary of the factual and procedural background is largely taken from our opinion in the prior appeal. (*In re Andrea B.* (Aug. 23, 2012, B234551) [nonpub. opn.].)

On August 30, 2007, the Department of Children and Family Services (DCFS) removed Andrea, who was born with congenital abnormalities from her parents' custody. She was placed with her grandmother on October 17, 2007. (*In re Andrea B.*, *supra*, B234551, at p. 2) Several months later, DCFS removed Andrea from her grandmother's custody and placed her in a foster home. (*In re Andrea B.*, *supra*, B234551, at p. 4.) The guardianship eventually was terminated, and on August 23, 2012, we affirmed the juvenile court's order. (*In re Andrea B.*, *supra*, B234551, at p. 2.)

Meanwhile, Andrea's younger sister Ariel was also removed from her parents' custody. (*In re Andrea B.*, *supra*, B234551, at p. 7.) She was eventually placed into a preadoptive foster home with Andrea.

On June 5, 2012, DCFS reported for a hearing under Welfare and Institutions Code section 366.26 that a prospective home-studied adoptive parent had been identified for both girls. Both children were thriving in her care and the caregiver was committed to adopting them. DCFS recommended that the juvenile court terminate parental rights and free the children for adoption.

On December 4, 2012, the juvenile court terminated parental rights. Appellant timely appealed, and counsel was appointed to represent him.

On May 3, 2013, after examination of the record and the juvenile court file and discussing the issues on appeal with the California Appellate Project, appellant's court-appointed counsel advised this court in writing that she was unable to file an opening brief on appellant's behalf on the merits. We thereafter notified appellant, on May 3, 2013, that he had 30 days within which to personally submit any argument he wished this court to consider and that the failure to do so would result in the dismissal of this appeal as abandoned.

On May 30, 2013, appellant filed a handwritten letter in which he informed this court that he had an out-of-state family emergency that left him stranded for a couple of

months and without his medication.  Now that he has insurance and is back on his medication, he has requested a second chance with his children.  These facts do not present an issue cognizable on appeal.  (Welf. & Inst. Code, § 366.26, subd. (c).)  At this point, the children's need for permanence and stability is paramount.  (*In re Jose V.* (1996) 50 Cal.App.4th 1792, 1799.)  Therefore, under the holdings of *In re Sade C.* (1996) 13 Cal.4th 952 and *In re Phoenix H.* (2009) 47 Cal.4th 835, the appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.